UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NYCOMED GmbH and WYETH, | ) |
| Plaintiffs, | ) Civil Action No. 1:08-00827 (RAG) |
| v. | ) Judge Ronald A. Guzman |
| APOTEX INC. and APOTEX CORP., | ) Magistrate Judge Nan R. Nolan |
| Defendants. | ) |

**PROPOSED DISCOVERY PLAN**

NOW COME the Plaintiffs, NYCOMED GmbH and WYETH, and the Defendants, APOTEX Inc. and APOTEX Corp. (collectively "Apotex"), through their respective attorneys, and submit the following Joint Status Report:

**A.     Nature of the Case**

(1)     Bases for jurisdiction, nature of the claims:  Plaintiffs have filed an action for infringement of its United States Patent, No. 6,780,881 (the "'881 patent") entitled "Freeze-Dried Pantoprazole Injection."  Jurisdiction for the claim is premised on 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Court under 28 U.S.C. §§ 1391(c), 1391(d), and 1400(b).  Defendants have denied infringement and asserted defenses and/or counterclaims seeking a judicial declaration that the claims of the '881 patent are invalid and/or not infringed.  Defendants also deny that Apotex Corp. is a proper party to this action, or that the Court has subject matter jurisdiction for any claims asserted against Apotex Corp.

(2) Relief sought by Plaintiffs include a permanent injunction pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283, restraining and enjoining Apotex and its directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of preparations and injections as claimed in the '881 patent.  Such relief also includes an order issued pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any approval of ANDA No. 79-197 be a date that is not earlier than the expiration date for the '881 patent, or any later expiration of exclusivity for the '881 patent to which Plaintiffs are or become entitled.  Plaintiffs further seek a judgment that this is an exceptional case and Plaintiffs are entitled to attorney fees.  Defendants seek a judgment dismissing the case with prejudice and holding that the claims of the '881 patent are invalid and/or not infringed.  Defendants further seek a judgment that this is an exceptional case and that Defendants are entitled to attorneys fees.

(3) Names of any parties that have not been served:  None.

(4) Major legal issues:  Whether Plaintiffs' patent is valid; whether Defendants infringe Plaintiffs' '881 patent; whether the case is exceptional pursuant to 35 U.S.C. § 285.

(5) Major factual issues:  Whether Apotex Inc.'s ANDA product would infringe the '881 patent; whether each asserted claim of the '881 patent is invalid.

(6) Related cases:  A patent directed to the active ingredient utilized in Apotex Inc.'s ANDA product is being asserted against different defendants in an action filed in the U.S. District Court for the District of New Jersey.  The action is still pending and is captioned *Altana Pharma AG and Wyeth v. Teva Pharmaceuticals USA Inc. et al.,* 04CV-2355.

**B.      Proposed Schedule**

(1)     Initial disclosures pursuant to Rule 26(a)(1) shall be completed by no later than June 9, 2008.

(2)     Any motion to amend or join additional parties shall be filed by October 30, 2008.

(3)     Non-Expert Discovery:

      a.     Non-expert discovery will begin June 23, 2008.

      b.     All non-expert discovery to be completed by April 30, 2009.

(4)     Claim Construction:

      a.     Parties to exchange lists of disputed claim terms requiring claim construction by November 28, 2008.

      b.     Both parties shall submit Initial *Markman* briefs by January 14, 2009.

      c.     Both parties shall submit Responsive *Markman* briefs by February 18, 2009.

(5)     Expert Discovery:

Plaintiffs' Proposal:

      a.     Expert Reports for the party bearing the burden of proof on the issues of infringement and/or validity ("Opening Expert Reports") shall be served on opposing counsel on or before (i) forty-five (45) days after the Court's claim construction ruling, or (ii) June 26, 2009, whichever is later.

      b.     Responsive Expert Reports shall be submitted on or before (i) thirty (30) days following receipt of the Opening Expert Reports or (ii) July 31, 2009, whichever is later.

      c.    Reply Expert Reports, if any, shall be submitted on or before (i) thirty (30) days following receipt of the Responsive Expert Reports or (ii) September 8, 2009, whichever is later.

      d.    Expert discovery shall be completed on or before (i) ninety (90) days following receipt of Reply Expert Reports, or (ii) December 8, 2009, whichever is later.

Defendants' Proposal:

      a.    Expert Reports for the party bearing the burden of proof on the issues of infringement and/or validity ("Opening Expert Reports") shall be served on opposing counsel on June 26, 2009.

      b.    Responsive Expert Reports shall be submitted on July 31, 2009.

      c.    Reply Expert Reports, if any, shall be submitted by September 8, 2009.

      d.    Expert discovery shall be completed on December 8, 2009.

(6)    Dispositive Motions:

All dispositive motions shall be filed on or before thirty (30) days following close of Expert Discovery, but may be filed any time sooner.

(7)    Electronically Stored Information:  The parties agree that any electronically stored information, not including databases (if any), shall be produced in a single-page tagged image file format ("TIFF") with extracted full text or OCR, with an image cross reference file and delimited load file as agreed by the parties and in accordance with the Federal Rules of Civil Procedure.

(8)    Confidential Information:  The parties agree to submit a proposed Protective Order governing the use or disclosure of confidential information produced in this case.

(9)     Service by electronic means:  The parties agree that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(D) and LR 5.9, and such service shall be considered complete as provided in the Federal Rules of Civil Procedure.

**C.     Trial Status**

(1)     A jury has been requested by Defendants.

(2)      Plaintiffs will meet and confer on Defendants' jury demand, and, if necessary, bring a motion to strike by May 30, 2008.

(3)     Probable length of the trial:  7 days.

**D.     Consent to Proceed Before a Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge for all proceedings including trial.

**E.     Settlement Status**

The parties have not engaged in settlement discussions, but are willing to do so.

Dated:  April 8, 2008


NYCOMED GmbH and WYETH                    APOTEX Inc. and APOTEX Corp.



By:  /s/ *James B. Coughlan*_____        By:  _/s/ *Paul J. Molino*_____
    Paul, Hastings, Janofsky & Walker LLP            Rakoczy Molino Mazzochi Siwik LLP